IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> MICHAEL ROUSEY, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE <br><br><br><br><br> Case No. 2:03-CR-933 TS |

This matter is before the Court on Defendant's Motion to Terminate Supervised Release. The Court held a hearing on the Motion on December 17, 2009.  Having considered the file, the arguments of counsel, the circumstances presented by this case, and being otherwise fully informed, the Court will grant Defendant's Motion, as set forth below.

BACKGROUND

Defendant was originally sentenced on April 5, 2005.  Defendant was sentenced to a term of 36 months in the custody of the BOP and 36 months of supervised release.  Defendant began his term of supervision on January 30, 2008.  On January 13, 2009, a Petition and Order was issued, alleging violations of Defendant's supervised release.  That Petition and Order was subsequently amended and Defendant admitted to violating the terms of his supervised release on

1

February 5, 2009. Those violations involved Defendant having unauthorized contact with convicted felons, including members of white supremacy groups. After admitting to violating the terms of his supervised release, Defendant's supervised release was reinstated.

Defendant now moves to terminate his supervised release. At the hearing on the Motion, Defendant's counsel explained that Defendant has made remarkable strides while on supervised release. Counsel explained that Defendant has transformed himself since the time of the original Indictment. For example, Defendant has now been employed at the same company for two years and has recently been promoted to a supervisor. Defendant has been pre-approved for a mortgage loan to enable him to purchase his first home and has recently purchased a car. Counsel also recognized Defendant's previous violation and the concerns of the Court. The government did not dispute any of the representations of counsel and had no objection to the Motion.

## DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice. The Court is encouraged by the progress Defendant has made while on supervised release and finds that early termination is appropriate. Therefore, the Court will terminate his supervised release at the same time that his supervision by the state expires.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion to Terminate Supervised Release (Docket No. 920) is GRANTED. It is further

ORDERED that Defendant's term of supervised release shall be terminated effective February 28, 2010.

SO ORDERED.

DATED this 17th day of December, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge